## WILLIAM J. LORING *versus* THE NEPTUNE INSURANCE COMPANY.

Where a general average loss is adjusted at the port of destination conformably to the law and usage of such port, and the assured pays his contributory portion thereof, he is entitled to recover the same of the insurers, although the contributory interests have been estimated upon principles differing from those which prevail at the place where the policy was underwritten.

THIS was an action on a policy of insurance, dated February 9, 1835, by which the defendants insured for the plaintiff the sum of $7000, on property on board the barque Stag, from Cuba to Europe.

By a statement of facts it appeared, that the vessel, which was owned by the plaintiff and J. A. Cunningham, sailed on March 5, 1835, with a cargo of 2125 boxes of sugar and 78 bags of coffee, from Matanzas for Hamburgh. Of the sugar, 350 boxes belonged to the plaintiff. On the passage, the vessel sustained injury from the perils of the seas ; 88 boxes of sugar belonging to the plaintiff were wholly washed out, and 52 boxes were damaged over 50 per cent of their value. The vessel having been compelled by the damages sustained, to put into Bermuda for repairs, an adjustment of a general average contribution was made on her arrival at Hamburgh ; and the plaintiff was assessed on the invoice value of his sugar, including all charges except premium of insurance, without any deduction or allowance being made on account of the sugar which was lost or damaged. The amount so as-

Loring
v.
Neptune
Ins. Co.

sessed was paid by the agent of the plaintiff, and this action was brought to recover the amount so paid.

The defendants denied the right of the plaintiff to recover the amount so assessed, and claimed to have the adjustment corrected. The plaintiff contended, that he was entitled to recover that amount, on the ground, that the adjustment was in conformity with the laws and usages of Hamburgh and so binding on him, and that he was compelled to pay that amount by force thereof.

The plaintiff produced the deposition of John Olderman, the *despacheur* who made the adjustment, and who was the only person authorized to make up general average statements in Hamburgh, in which deposition the witness testified that the adjustment was made in conformity with the laws and usage of Hamburgh ; and also the deposition of Ernest Gosler, doctor of laws, in which the correctness of this statement was not contradicted, although it was left doubtful.

The defendants had paid the plaintiff for a total loss on the 88 boxes of sugar, and for the damage to the 52 boxes. If the Court should be of opinion, that they were liable for any further sum, they were to be defaulted.

*June 28th.*     C. G. Loring and F. C. Loring, for the plaintiff, to the point, that if the adjustment of a general average contribution at Hamburgh was binding on the owners of the ship and cargo, as between themselves, the plaintiff was entitled to be indemnified by the insurers, cited Mar. Ord. *lib.* 3, *tit.* 8, § 21 ; Laws of Oleron, *art.* 9 ; Laws of Wisbuy, *art.* 21 ; Abbott on Shipping, (Story's ed.) 362 ; Dunlap's Adm. Pr. 57 , *Simonds* v. *White,* 2 Barn. & Cressw. 805 ; *Dagleish* v. *Davidson,* 5 Dowl. & Ryl. 6 ; Park on Ins. (7th ed.) 212 ; Benecke and Stevens, (Phillips's edit.) 273, 275 ; *Lenox* v. *United Ins. Co.* 3 Johns. Cas. 178 ; *Strong* v. *New York Firemen Ins. Co.* 11 Johns. R. 323 ; *Depau* v. *Ocean Ins. Co.* 5 Cowen, 63 ; *Lewis* v. *Williams,* 1 Hall, 430 ; *Leavenworth* v. *Delafield,* 1 Caines's R. 574 ; *Walden* v. *Le Roy,* 2 Caines's R. 263 ; 3 Kent's Comm. (3d ed.) 244, 337 ; *Thornton* v. *United States Ins. Co.* 3 Fairfield, 150.

C. P. Curtis and B. R. Curtis, for the defendants, cited 2 Phillips on Ins. 251, 260 ; Stevens on Average, 49 ;

Benecke on Ins. (Eng. ed.) 297, 299, 301, 302 ; *Bissell* v. *Briggs*, 9 Mass. R. 462 ; *Shiff* v. *Louisiana State Ins. Co.* 6 Martin's Louisiana R. 629 ; *Thornton* v. *United States Ins Co.* 3 Fairfield, 150.

Loring<br>*v.*<br>Neptune<br>Ins. Co.

SHAW C. J. delivered the opinion of the Court. The general average in the present case was made up and adjusted at Hamburgh, the port of destination, at which the several interests liable to contribute, were necessarily to be separated from each other. Hamburgh therefore was the proper place for the adjustment and payment of this general average. Such general average must necessarily be adjusted according to the laws and usages of the place where the adjustment was made.

*June 30th.*

The plaintiff, in this adjustment, was held to pay, upon his invoice of sugars, according to the invoice price, including all charges except premium of insurance, although it appeared that part of the sugars had been wholly destroyed, and another part damaged by sea-water. The defendants contended that they ought not to be bound by this adjustment, because it was unjust and unreasonable, thus to consider property in its deteriorated state liable to pay the same contribution as if it had all arrived, and in a sound condition ; and they also denied, that this was made according to the law and usage of Hamburgh. In regard to the last point, although the evidence is not very full and satisfactory, we are of opinion, that the adjustment was made according to the law and usage of Hamburgh. It is explicitly so testified by Mr. Olderman, the *despacheur*, who made the adjustment, and who is testified to be a man of great experience and skill on this subject ; and this is not contradicted, though left doubtful, by the testimony of Doctor Gosler.

Such being the established law and usage of Hamburgh, the proper place of adjustment, the plaintiff was bound by it ; that is, as between him and the other parties to that adjustment, as well those entitled to contribution, as those bound to contribute, this adjustment was conclusive. *Simonds* v. *White*, 2 Barn. & Cressw. 805.

But it does not necessarily follow, that because the assured is bound to pay a certain general average, as between

himself and other contributory interests, therefore he is entitled to recover it of the underwriter upon his policy of insurance. The latter will depend upon the nature and terms of the contract. But in general, as the policy contemplates the payment of general average, where the general average is payable by the assured, in respect of a loss covered by the policy, the amount which the assured has been obliged to pay, is the amount which he ought to recover, to give the assured the indemnity which the policy is intended to afford him. *Strong* v. *N. Y. Firemen Ins. Co.* 11 Johns. R. 323.

In general it is to be presumed, that both the assured and the underwriter are acquainted with the nature of the business, in respect to which they contract, that they are acquainted with the customs and usages of that business, and consent to conform to them, unless there be some stipulation to the contrary. It is well known therefore to both parties, that the assured may have to pay, in respect to losses insured against, general averages, that these averages may be adjusted abroad, and that the assured will be bound by such adjustment, although in making it conformably to the law and usage of the places where made, both the sum to be contributed and the contributory interests may be estimated upon principles, varying from those which prevail at the place where the contract of insurance is made. It seems to follow as a necessary consequence, that when the assured has incurred a general average loss within the perils insured against, when such loss has been adjusted at the proper place, and in a mode conformable to the law and usage of such place, and when the assured has thus become bound to pay and has paid such loss, he is entitled to recover it of the underwriter, although the contributory interests have been estimated upon a principle different from that of the place where the policy was underwritten. Such being the present case, the Court are of opinion, that the plaintiff is entitled to recover.